SCOTT J. SAGARIA (BAR # 217981)
sjsagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
egale@sagarialaw.com
JOE B. ANGELO (BAR #268542)
jangelo@sagarialaw.com
SCOTT M. JOHNSON (BAR #287182)
sjohnson@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Roshanne Pierson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| Roshanne Pierson,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. Bank, N.A.; Specialized Loan Servicing, LLC<br><br>　　　　　　Defendants. | CASE NO. 4:18-cv-05367<br><br>COMPLAINT FOR DAMAGES:<br><br>　1. Violation of Truth In Lending Act<br>　2. Violation of the Fair Debt Collection Practices Act |

COMES NOW Plaintiff Roshanne Pierson, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. Plaintiff brings an action to enforce their rights under The Truth In Lending Act an the Fair Debt Collection Practices Act.

3. This case arises under 15 U.S.C. §1601 et seq.

4. This action is being brought against Specialized Loan Servicing, LLC ("SLS") and U.S. Bank, N.A. ("U.S. Bank").

1

5. The United States Congress has found that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers.

6. The Truth In Lending act (TILA) was enacted to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

7. On July 7, 2017 the Consumer Financial Protection Bureau modified the federal mortgage disclosure requirements under the Real Estate Settlement Procedures Act and the Truth in Lending Act that are implemented in Regulation Z.

8. Under the modification consumers in active bankruptcies with certain exceptions were to begin receiving periodic mortgage statements.

9. This action is filed to enforce Plaintiffs' consumer rights under Regulation Z's requirements published in CFR §1026.41 "Periodic Statements for residential mortgage loans"

10. Under CFR §1026.41 creditors shall furnish consumers with a periodic statement that discloses certain critical information including amount due, explanation of amount due, past payment breakdown, transaction activity, partial payment information, contact information, account information, and delinquency information.

11. Consumers depend on these periodic mortgage statements to track their balances and ensure payments are applied properly i.e. peace of mind.

12. Without regular periodic statements a consumer can not readily ascertain whether mortgage payments are being received and or applied properly.

13. When a consumer continuously does not receive periodic mortgage statements every piece of critical information congress has mandated be supplied to a consumer remains a mystery.

14. The continuous absence of critical information at a minimum causes severe stress, anxiety, and frustration in consumers.

15. Here, not only has Plaintiff experienced severe emotional distress but Defendant lack of due diligence in sending regular monthly mortgage statements has led to Defendant not providing Plaintiff with an accurate update regarding the status of her mortgage despite.

## JURISDICTION & VENUE

16. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.
17. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.
18. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

19. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

### Plaintiff's Bankruptcy Filing

20. Plaintiff filed for Chapter 13 bankruptcy protection on October 24, 2016.
21. Plaintiff's Chapter 13 plan of reorganization was confirmed on February 21, 2017.
22. At the time of filing Plaintiff owned certain real property commonly referred to as 285 Washington Dr. Brentwood, CA 94513. ("Property").
23. The Property was encumbered with a first deed of trust held by U.S. Bank.
24. U.S. Bank subsequently assigned the loan to SLS for servicing.
25. At the time of the assignment the loan was in default.
26. At the time of Plaintiff's chapter 13 filing U.S. Bank was the owner of the loan and SLS was the servicer of the loan.
27. SLS has not sent Plaintiff any period statements showing what has been paid on the mortgage or what is otherwise outstanding.
28. Plaintiff has not been able to verify what if any delinquency existed because Plaintiff has not been receiving any statements.
29. Plaintiff's mortgage has not been discharged in her chapter 13 bankruptcy.
30. To date Plaintiff has failed to receive multiple mortgage statements.

31. Despite this Plaintiff have been sending her monthly mortgage payments to SLS each month despite not receiving any confirmation that the payments were received.
32. To date Plaintiff has no way of verifying whether his monthly payments were applied correctly or why his loan may have been flagged delinquent.

**FIRST CAUSE OF ACTION**
(Violation of CFR § 1026.41)
Against U.S. Bank)

**U.S. Bank –Failure to provide periodic statements.**

33. Plaintiffs realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.
34. CFR §1026.41(a)(2) provides: A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic statement meeting the requirements of paragraphs (b), (c), and (d) of this section. If a mortgage loan has a billing cycle shorter than a period of 31 days (for example, a bi-weekly billing cycle), a periodic statement covering an entire month may be used.
35. Under CFR 1026.41(a)(2) servicer includes the creditor, assignee, or servicer, as applicable.
36. U.S. Bank is therefore a creditor of the loan as defined by CFR 1026.41(a)(2) and the owner of the loan.
37. CFR §1026.41(b) provides: The periodic statement must be delivered or placed in the mail within a reasonably prompt time after the payment due date or the end of any courtesy period provided for the previous billing cycle
38. Under CFR§1026.41(d) the periodic statement *__shall__* contain certain content including:
    a. Amount due
    b. Explanation of amount due
    c. Past payment breakdown
    d. Transaction activity
    e. Partial payment information
    f. Contact information
    g. Account information

    h. Delinquency information

39. Failure to include one of the aforementioned sections constitutes a facial violation under 15 U.S.C. §1641(e).
40. U.S. Bank has owned the loan since at least 2014.
41. Plaintiffs have never opted out of her right to receive statements.
42. The Loan is not a reverse mortgage as described in 12 C.F.R. § 1024.41(e)(1).
43. The Loan does not secure an interest in a timeshare plan as described in 12 C.F.R.§ 1024.41(e)(2).
44. U.S. Bank has not provided Plaintiff with a coupon book that meets the requirements of 12C.F.R. § 1024.41(e)(3).
45. U.S. Bank and SLS are not a small servicer as that term is defined in 12 C.F.R. § 1024.41(e)(4).
46. Plaintiff has been in a debtor in bankruptcy under Title 11 of the United States Code but the mortgage has not and will not be discharged.
47. U.S. Bank's actions are not covered by the "single-statement exemption."
48. U.S. Bank's actions constitute a willful violation of 12 CFR §1024.41.

## SECOND CAUSE OF ACTION
(Violation of 15 USC §1692e, 15 USC §1692f)
Against Defendant SLS

49. Plaintiff is a consumer under the FDCPA 15 USC §1692 because Plaintiffs are persons obligated to pay a debt
50. SLS is a "debt collector" as defined by the FDCPA because Defendants, both separately and in concert, regularly use mail and interstate commerce to collect and attempt to collect debts owned by another and this constitutes a principal purpose of their businesses.
51. The loan at issue was transferred when in default.
52. Under 15 U.S.C. §1692e a debt collector may not use any false, deceptive, or misleading representations in connection with the collection of debt.
53. Here, Defendant SLS has not sent any statement to Plaintiff.
54. Such a statement is objectively false, deceptive, and misleading given that Regulation Z has been amended to mandate statements be sent during bankruptcy.

55. Such representation were therefore a thinly veiled attempt to stall delay and otherwise frustrate Plaintiff from receiving critical information regarding her current mortgage.
56. Under 15 U.S.C. § 1692f a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.
57. Here both U.S. Bank and SLS have unfairly and unconscionably attempted to collect a debt from Plaintiff by intentionally withholding mortgage statements to alert Plaintiff to any payment changes.
58. As a direct and proximate cause of U.S. Bank and SLS's failure to send periodic statements Plaintiff has been forced to send mortgage payments without knowing whether payments have been applied properly.
59. For months Plaintiff has been in the dark regarding the status of her loan.
60. Consequently, as a direct and proximate cause of U.S. Bank and SLS's actions Plaintiff has suffered severe emotional distress including, anxiety, sleeplessness, frustration and helplessness.

## PRAYER FOR RELIEF

61. WHEREFORE, Plaintiffs pray for judgment as follows:
62. For preliminary and permanent injunctive relief to stop Defendant U.S. Bank from engaging in the conduct described above
63. An award of actual damages, statutory damages, costs, and attorney's fees against U.S. Bank under 15 U.S.C. §1641(d)(2)(A) not to exceed:
    a. An award of actual damages in the amount of $5,000 under 15 U.S.C §1640(a)(1)
    b. An award of statutory damages in the amount of $4,000 under 15 U.S.C. §1640(a)(2)(A)(i)(iv)
    c. And reasonable attorney's fees and costs under 15 U.S.C. §1640(a)(3).
64. An award against SLS as follows:
    a. Actual damages of $5,000 under 15 U.S.C. § 1692K(a)(1),
    b. Additional statutory damages of $1,000 under 15 U.S.C. § 1692K(a)(2)(A
    c. Reasonable attorney's fees and costs under 15 U.S.C. § 1692K(a)(3).

Dated:       August 30, 2018              By:    **SAGARIA LAW, P.C.**
/s/ Elliot Gale
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial of this matter by jury.

Dated: August 30, 2018              **SAGARIA LAW, P.C.**
/s/ Elliot Gale
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff